PLATT and others *v.* THE GEORGIA.[1]

*(District Court, E. D. New York.* November 4, 1887.)

MARITIME LIEN—QUARANTINE COMMISSIONERS—CARE OF SICK SEAMEN.

The services of the quarantine commissioners, in the care and treatment of sick seamen in the quarantine hospitals, are maritime in their character, and the lien of the commissioners on the vessel, arising out of such services, required by state statute, can consequently be enforced by a proceeding in admiralty.

*Goodrich, Deady & Goodrich,* for libelants.
*Sidney Chubb,* for claimant.
*R. D. Benedict,* for libelant in another suit.

BENEDICT, J. This is a proceeding *in rem* against the brig Georgia, by certain officers of the state of New York, designated "commissioners of quarantine," to enforce a lien for the care and treatment of some sick members of the crew of that vessel, who, by direction of the health officers of the port of New York, were sent to one of the quarantine hospitals in New York harbor, and there treated and maintained; the vessel having arrived with contagious sickness on board. There is no question as to the facts, and upon the facts a lien upon the vessel in favor of the libelants is created by a provision in the statute of the state of New York. The only question in this case is whether a lien of the character in question, created by the state statute, can be enforced by a proceeding in the admiralty. It can be so enforced if the subject-matter—in this case the services rendered—are maritime in character; otherwise not. I see no reason to doubt the propriety of holding these services to be maritime. They are services rendered in the care and medical treatment of seamen attached to the vessel. The seamen were so cared for and treated by reason of sickness incurred in the course of the voyage. Their care and treatment, therefore, devolved on the vessel by the maritime law; and for that reason their cure by the libelants should be considered a maritime service. Moreover, these particular services were required by the quarantine laws of the state to be rendered before the vessel could be allowed to complete her voyage. Such charges might well be deemed port charges, necessarily incurred by the vessel in the due course of her voyage, and for that reason maritime in their character.

My opinion, therefore, is that the libelants have a lien upon the vessel which may be enforced by this proceeding.

[1] Reported by Edward G. Benedict, Esq., of the New York bar.